IN THE UNITED STATES DISTRICT COURT

FOR NORTHERN DISTRICT OF GEORGIA

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

MAR - 6 2013

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| REGINALD WARE | ) | |
| Plaintiff | ) | |
| Vs | ) | Case No. 1:13-CV-0727 |
| NCO Financial Systems, Inc. | ) | JURY TRIAL DEMANDED |
| Defendant(s) | ) | |

## ORIGINAL COMPLAINT
TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### NATURE OF ACTION

1. This is an action for damages brought by an individual plaintiff for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 f, 1692 e(2), 1692 f(1) et seq. (hereinafter "FDCPA").

2. Plaintiff seeks to recover monetary damages for Defendant's violation of the FDCPA and have an Order or injunction issued by this Court preventing Defendants from continuing its violative behaviors.

3. Service may be made upon Defendant in any other district in which it may be found pursuant to 29 U.S.C. §1132(e)(2).

### JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1331, and 28 U.S.C. § 1337.

5. Venue is proper before this Court pursuant to 28 U.S.C. §1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

### . PARTIES

6. Plaintiff, Reginald B. Ware ("Plaintiff"), is a natural person residing in Dekalb County, Georgia.

7. Plaintiff is a consumer as defined by the FDCPA, 15 U.S.C. §

NCO Financial System, Inc. is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. §1692a(5). The Defendant is a foreign corporation with a physical address of 507 Prudential Road, Horsham, PA. 19044.

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person allegedly obligated, to pay a debt owed or due, or asserted to be owed or due a creditor other than the Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes and Plaintiff incurred the obligation, or alleged obligation, owed or due, or asserted to be owed or due a creditor other than Defendant and the Defendant.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due another.

11. In connection with the collection of an alleged debt, Defendant sent initial written communication to Plaintiff Dated November 24, 2011 in which Defendant provided Plaintiff with the disclosures required pursuant to 15 U.S.C.§§ 1692g(a)(4) and 1692g(a)(5) in a confusing and improper manner. Defendant stated, in relevant part, as follows: See exhibit 1.

12. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's violations, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I--FDCPA

13. Plaintiff repeats and re-alleges each and every allegation contained above.

14. Defendant's aforementioned conduct violated the FDCPA.
WHEREFORE, Plaintiff prays for relief and judgment, as follows:
   a) Adjudging that all Defendants violated the FDCPA;

b) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. §1692k;

c) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action.

d) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law;

f) Awarding such other and further relief as the Court may deem just and proper.

## FACTS

Defendant attempted to collect on an alleged debt from Plaintiff in November 2011, see exhibit 1. The Defendant made phone calls and sent written collection letters to address of Plaintiff. Plaintiff requested validation of debt and Defendant has not complied. The Defendant acknowledged the debt validation letter on December 22, 2011see exhibit 2, and said that they would comply with the request as soon as their client provided the information. Defendant sent Plaintiff a letter on February 09, 2012 stating that the account is closed. The letter stated no reason for closing the account see exhibit 3.

The Defendant sent written correspondence to the Plaintiff advising them that they were in violation of the FDCPA, by attempting to collect on a non-existent debt. The Plaintiff alleged that the Defendant should have verified this information, with its client, prior to accusing the Plaintiff of owing them any monies. The Defendant sent the Plaintiff a letter and advised the Plaintiff that the account is closed and the Defendant stated that "Federal and State law prohibit certain methods of debt collection and require that we treat you fairly". The bottom of the letter stated "This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector". This statement should have not been made because the Defendant stated in the same letter that the account was closed and no debt was owed, see exhibit 3.

The Plaintiff sent two letters to the Defendant to amicably resolve this matter prior to any legal action.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Respectfully submitted this 5th, day of March, 2013

By, Reginald Ware
Reginald Ware
Pro Se' Litigant
2649 Nelms Court
Decatur, Ga. 30033
404-325-8800
Jusreggie2@bellsouth.net